UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES R. MAIDEN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>WILLIAM C. MENGES, Judge, et al., )<br>)<br>Defendants. ) | 1:10-cv-0737-SEB-DML |

**Entry and Order Directing Dismissal of Action**

**I.**

The civil rights complaint of James Maiden, an Indiana prisoner, is subject to the screening requirement of 28 U.S.C. § 1915A(b) and must be dismissed because it fails to state a claim upon which relief can be granted. *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This conclusion is reached because the plaintiff sues the Judge of the Howard Superior Court, who is absolutely immune from the actions (judicial rulings) attributed to him. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12. In the instant action, the complaint challenges the decisions made by the judicial defendant from August 19, 2009, to March 22, 2010, during the course of litigation; this challenged conduct was all taken in the judge's official capacity and while exercising the jurisdiction of his office. The complaint thus fails to state a claim upon which relief can be granted because the allegations in the complaint "show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The dismissal of the action is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Two additional comments are warranted here. First, Howard County has been named as a defendant, presumably upon the theory that Howard County is responsible for the misdeeds of the judges serving within its boundaries. This theory is flawed, and there is no viable claim asserted against Howard County. Second, to the extent the complaint can be understood as seeking this court's review of the litigation described in the complaint, the court lacks jurisdiction to do so. *Brokaw v. Mercer County,* 235 F.3d 1000, 1015 (7th Cir. 2000).

Judgment dismissing the action shall now issue.

## II.

The defendants' motion for extension of time (dkt 11) is **denied** as moot.

**IT IS SO ORDERED.**

Date: 07/06/2010

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana